THE CITY OF HAMILTON *v.* GREEVEY ET AL.

*Municipal corporations — Referendum — Section 4227-2, General Code — Validity of petition — Date when signatures affixed and petition filed — Resolution declaring necessity for street improvement — Veto by mayor and subsequent passage over veto.*

1. Section 4227-4, General Code, which requires the date of the signing of a referendum petition to be stated in the petition by the petitioner, does not require that such signature should be on any particular date, and such signatures are valid if made at any time after the original passage of a resolution declaring the necessity of a street improvement and before the filing of the petition.

2. The provisions of Section 4227-2, General Code, fixing the time within which a referendum petition shall be filed with the city auditor, are complied with where such petition is filed with the auditor within thirty days from the original passage of the resolution by council and also within thirty days after the resolution has been passed by council over the mayor's veto.

(Decided November 3, 1917.)

APPEAL: Court of Appeals for Butler county.

*Mr. Harry J. Koebler, Jr.,* city solicitor, for plaintiff.

*Messrs. Andrews & Andrews,* for defendants.

JONES, P. J. This case comes into this court by appeal from the court of common pleas of Butler county.

Plaintiff seeks to secure an injunction against the holding of a referendum election on the question of the improvement of East High street.

A resolution declaring the necessity of this improvement was passed by the council of the city of Hamilton March 7, 1917, and was filed with the mayor March 8, 1917. The mayor vetoed said resolution and returned it to council without his approval and with his objections March 14, 1917.

Thereafter, on April 4, 1917, council reconsidered said resolution, and upon said reconsideration approved it by a vote of two-thirds of all the members elected to council. After such passage the resolution was again filed with the mayor on April 7, 1917.

On April 6, 1917, a referendum petition signed by the necessary number of electors, in due form, in accordance with the provisions of Section 4227-2, General Code, was filed with the city auditor, requiring and ordering that the resolution be submitted to the electors of such municipal corporation for their approval or rejection.

In objecting to this referendum election counsel for plaintiff, the city solicitor of Hamilton, relying upon the decision of this court in *McFarlan* v. *City of Norwood et al.,* 26 C. C., N. S., 33, contends that there is no right of referendum upon the resolution declaring the necessity of the improvement of a street, but that the proper step to which referendum would apply would be the ordinance to proceed with such improvement.

The decision in *McFarlan* v. *City of Norwood* was with reference to the appropriation of land for the opening of a street, and under the particular sections of the code relating to such appropriation proceedings it was there held that taxpayers were entitled to a referendum upon the ordinance to appropriate. With that decision the court is still satisfied.

In the case of *Ella Snyder* v. *The Village of Montgomery,* decided by this court June 18, 1917, occasion was afforded to examine the question of the right to a referendum election upon a resolution declaring it necessary to improve a street, and it was there held that in street improvement proceedings the proper step at which a referendum should be had is upon the passage of the resolution declaring it necessary to improve the street.

It is not necessary to again review that question, and in this case it merely remains for the court to consider the other objections made to the petition and to the steps taken herein to secure such referendum.

It is objected that the referendum petitions were in some cases signed too early. Each petitioner, in accordance with the provisions of Section 4227-4, General Code, in signing the petition, gave the date of such signing. Many of these dates were earlier than the day on which the resolution was passed by council over the mayor's veto, and some even before the date of the mayor's veto.

It is also objected that the petition was filed with the city auditor before the resolution, as finally passed by council after the veto of the mayor, was again filed with the mayor.

While Section 4227-4, General Code, requires the date of the signing of such petition to be stated in the petition by the petitioner, there is no requirement that said signature should be on any particular date, and no reason appears why it would not be a valid signature if made at any time after the original passage of the resolution and before the filing of the petition.

Section 4227-2, General Code, fixes the time within which the petition shall be filed with the city auditor "within thirty days after any ordinance, or other measure shall have been filed with the mayor, or passed by the council of a village." The referendum petition was filed with the city auditor within thirty days from the original passage of the resolution by council, and also within thirty days after the resolution had been passed by council over the mayor's veto; so that it was filed strictly within the provisions of this section. The fact that the resolution was again filed with the mayor, after it had been passed by the council subsequent to the mayor's veto, can have no effect in fixing the date of filing the referendum petition, for the reason that we are shown no provision of law which requires this second filing of the resolution with the mayor.

We therefore find that the referendum petition was duly filed in accordance with the law, and that the election should be accordingly held.

The petition of plaintiff will be dismissed at its costs.

*Petition dismissed.*

GORMAN and HAMILTON, JJ., concur.