48050. CROSS v. THE STATE.

DEEN, Judge. Cross entered guilty pleas to six counts of gambling and was given four consecutive sentences, suspended on certain conditions, including that he not engage in gambling or lottery or law violation, on May 10, 1971. Thereafter he was indicted for a new gambling offense as of January 26, 1972. The first suspended sentence was revoked and he served from February 4, 1972, to March 13, 1972, and was released. He was rearrested on December 22, 1972, on a revocation charge relating to the second sentence and on January 9, 1973, the suspension provision of this sentence was revoked. *Held:*

1. By Ga. L. 1964, pp. 483, 484, former Code Ann. § 27-2502 was repealed. The re-enacted statute as related to felonies carried over language as follows: "[T]he judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence, under such rules and regulations as he thinks proper. The judge is also empowered with the right and authority to revoke said suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court." See also Code Ann. § 27-2506.1 relating to misdemeanors. This disposes of the appellant's contention that if the suspended sentence not be treated as a probated sentence the court has no power of revocation. Regardless of whether a misdemeanor or felony is involved, if a suspended sentence cannot be revoked it has no existence or meaning in the first instance. In 1965 (Ga. L. 1965, pp. 413, 416, Section 4) Code Ann. §

27-2714 was amended to specify that suspended sentences not come under the Statewide Probation Act, but it did not provide any change in the statute allowing the court to suspend sentences. Code Ann. § 27-2714 deals with the effect of suspended sentences; Code Ann. §§ 27-2502 and 27-2506.1 deals with the authority to impose them. Cf. *Wood v. State*, 68 Ga. App. 43, 49 (21 SE2d 915). We agree with the appellant that exactly *what* a suspended sentence is at this point is perhaps indefinite, but we are satisfied that the court may provide rules and regulations in connection therewith and may, on violation of such rules and after notice and opportunity to be heard, during the time such sentence runs in accordance with its own terms, revoke the suspension and require that the remainder be served within a penal institution.

2. We are concerned here with four separate criminal convictions and four separate sentences, each sentence containing the provision that its suspension feature will be revoked if the defendant again engages in gambling in violation of the criminal law. The subsequent criminal act was, as to each sentence, ground for revocation, by its own terms. The court was within the law in passing separate consecutive sentences. *Martin v. State*, 73 Ga. App. 573 (37 SE2d 411). It might invoke each or all for cause; accordingly, the action in so doing is not, where it appears that full notice and hearing were afforded and that the defendant was represented by counsel both in the original trials and the subsequent revocation proceedings, a denial of due process.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
SUBMITTED APRIL 2, 1973 — DECIDED APRIL 11, 1973.

*J. M. Salome,* for appellant.
*Hinson McAuliffe, Solicitor, James L. Webb, Frank A.*

*Bowers, Ernest J. Hughie,* for appellee.