50719. HEARD v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of simple battery.

1. The trial judge did not abuse his discretion in overruling the defendant's motion, made the day before the trial, to subpoena as witnesses nine inmates of Reidsville State Prison where the defendant had had a month before the trial in which to make these witnesses

known to his court-appointed counsel, and the witnesses were sought for the limited purpose of proving venue, which was testified to by two available witnesses. See *Reid v. State,* 119 Ga. App. 368 (5) (166 SE2d 900); *Neal v. Smith,* 226 Ga. 96 (6) (172 SE2d 684); *Spurlin v. State,* 228 Ga. 2 (2) (183 SE2d 765); *Spurlin v. State,* 228 Ga. 763 (1) (187 SE2d 856).

2. The trial judge did not abuse his discretion in overruling the defendant's motion for continuance in order to more adequately prepare a defense after his motion to subpoena witnesses was denied, the defendant and his counsel having had a month prior to the trial to obtain needed evidence to prepare his defense. See *Reid v. State,* 129 Ga. App. 41 (1) (198 SE2d 358) and cits.; *Eady v. State,* 129 Ga. App. 656 (1) (200 SE2d 767) and cits.

3. Where the *jury* imposes the sentence, the "trial judge does not have legal authority to impose consecutive sentences where the jury has not specified that the sentences are to be served consecutively." *Brown v. State,* 232 Ga. 450 (207 SE2d 461) and cits. However, where the *judge* imposes the sentence, as for misdemeanors (under Code § 27-2506 (Ga. L. 1956, pp. 161, 168; as amended)) (and for non-capital felonies now under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357)), it is within the discretion of the judge to impose consecutive sentences for separate offenses, and to authorize the sentence or sentences he imposes to be served consecutively to sentences imposed (whether by jury or judge) both within the same term of court or at a separate term of court or in a different court or courts, under the authority of Code § 27-2510. See *Simmons v. Georgia Iron &c. Co.,* 117 Ga. 305, 317 (8) (43 SE 780); *Smith v. Ault,* 230 Ga. 433 (3) (197 SE2d 348); *Cross v. State,* 128 Ga. App. 774 (2) (197 SE2d 853) and cit.; *Tischmak v. State,* 133 Ga. App. 534 (4) (211 SE2d 587); *Mealor v. State,* 135 Ga. App. 682 (4).

Accordingly, the trial judge did not err in imposing the present misdemeanor sentence (on October 4, 1973) "to follow all existing sentences and to be computed as provided by law," which had the effect of making the present sentence run consecutively both to the sentence for escape, imposed by him on the preceding day within the same term of court, and to previous sentences for

convictions at separate terms of court and/or a different court or courts, which the defendant is presently serving.

The verdict and judgment were not error for any reason urged.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED MAY 21, 1975 — DECIDED SEPTEMBER 2, 1975.

*Boone & Scott, Joseph A. Boone,* for appellant.
*Joe Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.