A93A2549. HUGHES v. TOWN OF TYRONE.

(440 SE2d 58)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal under OCGA § 5-6-35 (a) (1) to review the superior court's judgment dismissing Sarah Wellborn Hughes' petition for certiorari in which she contested the revocation of a suspended sentence. On August 23, 1992, in Tyrone Municipal Court, Hughes pleaded guilty to public drunkenness and was sentenced to "one year suspended upon condition she go to an evaluation within 30 days and intensive treatment within 90 days." On March 9, 1993, because she failed to comply with the conditions of her suspension, Hughes' suspended sentence was revoked and she was ordered to serve one year in confinement.

Hughes' petition for certiorari to superior court alleged that the municipal court had not held a hearing in which she was advised of her right to counsel before revoking her suspension and that the trial court improperly ordered her to serve the full period of confinement rather than the period of suspension remaining. After the City of Tyrone answered, the superior court dismissed the petition because the "verified answer of the respondent contains a substantial recital of facts which contradict the allegations of the petition. The answer is not traversed. The recital of facts contained in the answer are rendered conclusive when neither a traverse nor an exception is filed."

Hughes contends the superior court erred by dismissing her petition because she did not traverse or except to the answer (see OCGA § 5-4-9; *Williamson v. City of Tallapoosa*, 238 Ga. 522 (233 SE2d 777)) and by dismissing her petition without a hearing. *Held*:

1. Pretermitting whether there was a hearing during which Hughes was properly advised of her right to counsel, the question whether OCGA § 42-8-34.1 (c) prohibits the municipal court from ordering Hughes to serve the full one-year confinement is a legal question which should have been addressed by the superior court. The answer to the petition merely recited that Hughes was not placed on probation at the time of the original disposition of her case. Although this is an accurate statement of the facts, it is without real significance. A suspended sentence is not the same as being put on probation (OCGA § 42-8-39); " '[t]he only real distinction between a probated sentence and a suspended sentence is that a probated sentence is served under the supervision of the probation officers pursuant to the "Statewide Probation Act" (cit.), whereas a suspended sentence is served without such supervision, but on such legal terms and condi-

tions as are required. by the sentencing judge.' *Collett v. State*, 131 Ga. App. 411 (2) [414-415] (206 SE2d 70) (1974), rev'd on other grounds, 232 Ga. 668 (208 SE2d 472) (1974)." *Williams v. State*, 191 Ga. App. 217, 218 (381 SE2d 399). Further, in practice "[t]he Georgia courts have failed to make any meaningful distinction between a 'suspended sentence' and a 'probated sentence.' " Ga. Crim. Trial Prac. (1992 ed.), § 26-17.

Moreover, the legislature has placed the procedures for revoking suspended sentences and probated sentences in OCGA § 42-8-34.1 without differentiating between the two. Then, OCGA § 42-8-34.1 (c) provides: "If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense or the violation of a special condition imposed pursuant to this Code section, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation."

Merely reciting that Hughes was not put on probation, even if admitted by her failure to traverse the answer, does not answer whether OCGA § 42-8-34.1 (c) prohibits the full sentence from being ordered into execution. Considering the language of the Code section, it appears the legislation intended the term "balance of probation" to include the period of suspension of the sentence, and, consequently, the municipal court's action ordering the full sentence was unauthorized. This conclusion is supported by the legislative history of the Code section which indicates that its purpose was "to revise the requirements for imposition of periods of probation or suspension; to provide for a maximum duration of any period of probation or suspension; to provide for revocation of probation and suspension; to provide for procedures connected therewith; to provide for related matters; [etc.]" Ga. L. 1988, p. 1911, § 1. Thus, it is apparent that the legislature intended that the period which could be ordered served after the revocation of a probated or suspended sentence would be the same. This is consistent with the treatment of revocation of suspended sentences by this court. *Acker v. State*, 184 Ga. App. 321, 322 (361 SE2d 509); *Cross v. State*, 128 Ga. App. 774, 775 (197 SE2d 853); *Wood v. State*, 68 Ga. App. 43, 51 (21 SE2d 915). Therefore, the municipal court was not authorized to order the full sentence into execution.

2. Accordingly, it was error for the superior court to dismiss the petition for certiorari without a hearing. OCGA § 5-4-11; *Planters Fertilizer Co. v. Smith*, 21 Ga. App. 167 (93 SE 1018).

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED JANUARY 3, 1994.

*Ballard & Ballard, Scott L. Ballard,* for appellant.
*John W. Mrosek,* for appellee.