## A98A1314. WHITE v. THE STATE.
### (505 SE2d 228)

BEASLEY, Judge.

Patrick White pled guilty to being a habitual violator (OCGA § 40-5-58) and driving under the influence of alcohol (OCGA § 40-6-391). On October 18, 1991, he was sentenced to five years probation on the habitual violator charge and twelve months probation on the DUI charge, to be served consecutively. He now appeals an order revoking or modifying his probation, because the order sent him to a state detention center for two years, four months and twenty-three days, the remainder of his sentence. He does not challenge the revocation itself but only the sentencing order which resulted, claiming it exceeds the period allowed by OCGA § 42-8-34.1.

The order on appeal was precipitated by a petition for "modification/revocation of probation" filed by White's probation officer on March 10, 1997 in which it was alleged that White "reported to the Probation Officer intoxicated, and registered .105 grams blood/alcohol concentration . . ." in violation of a condition of his probation. A hearing was held the next day and the court entered an order finding that the terms of probation had been breached by both technical violations of probation conditions and "serious infraction of rules/regulations in a Community Corrections facility." The court ordered White be "[r]emanded to a State Detention [Center] for 2 yrs, 4 months, & 23 days."

Six months later White moved the court to "vacate void sentence" on the ground that to be confined in a state detention center, an "alternative to confinement" under OCGA § 42-8-34.1, for that length of time is the equivalent of incarceration and that it is improper for a court to impose any period of continuous and uninterrupted incarceration as a condition of probation. The court denied the motion and White appealed.

The State moves to dismiss the appeal on the ground that an appeal of an order revoking probation is discretionary under OCGA § 5-6-35 (a) (5) and White failed to follow the procedure mandated by OCGA § 5-6-35 (b).[1] White argues this would be true "if he was attacking the revocation of his probation, [but] the same is not true

---

[1] See *State v. Wilbanks*, 215 Ga. App. 223 (450 SE2d 293) (1994) (this Court lacks jurisdiction of direct appeals from probation revocation hearings because jurisdiction lies upon

where [he] is attacking only the sentence received as a result thereof."

The Supreme Court instructed in *Self v. Bayneum*:[2] "In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought. *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994)." Thus, in *Rebich*, the Supreme Court dismissed a direct appeal from denial of a writ of mandamus where the underlying subject matter was subject to discretionary review despite the fact that denial of a writ of mandamus ordinarily may be appealed directly.[3] Similarly, in *Bayneum* the Supreme Court dismissed an appeal of the denial of a petition for writ of prohibition which asserted that certain orders entered in a divorce case were null and void.[4] Because the underlying subject matter, divorce, was subject to the discretionary appeal procedure, Self could not avoid it by filing a writ of prohibition.[5]

It is true that if a trial court determines a sentence is void, "then a new and valid sentence can be imposed by the trial judge at any time,"[6] and that a defendant may appeal such an order.[7] But we must follow the rule of *Rebich* and *Bayneum*; the underlying subject matter determines which appellate procedure is required. White cannot avoid this by appealing only the second part of the two-part order, i.e., the section which followed the revocation.

The underlying subject matter of White's appeal is the probation revocation from which White failed to apply for a discretionary appeal and therefore his appeal must be dismissed.

As stated in *Rebich*: "A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35. This approach fulfills the legislature's intent to give appellate courts more discretion in managing their caseload. Otherwise, any party could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal."[8] This Court has refused to treat a direct appeal as an application, even where requested.[9]

---

application only); *Gazaway v. State*, 178 Ga. App. 318 (343 SE2d 135) (1986); *Farlar v. State*, 173 Ga. App. 622 (328 SE2d 436) (1985).

[2] 265 Ga. 14 (453 SE2d 27) (1995).

[3] OCGA § 5-6-34 (a) (6).

[4] *Bayneum*, supra.

[5] Id.

[6] (Citations and punctuation omitted.) *McCranie v. State*, 157 Ga. App. 110, 111 (2) (276 SE2d 263) (1981).

[7] *Gonzalez v. State*, 201 Ga. App. 437 (411 SE2d 345) (1991).

[8] *Rebich*, supra, 264 Ga. at 469.

[9] *Akins v. Life Investors Ins. &c.*, 197 Ga. App. 574 (399 SE2d 584) (1990).

White contends *Dunlap v. State*[10] confirms this Court's authority to hear a direct appeal when revocation results in a void sentence which is subsequently challenged in a motion to vacate the sentence. Apparently the reason *Dunlap* is cited even though it is silent on this issue is that the same lawyer represented defendant and believes a direct appeal was achieved in that case. *Dunlap* does not mention the avenue on which the case traveled to this Court. *Dunlap* involved the revocation of a suspended sentence, not the revocation of probation.[11] OCGA § 5-6-35 (a) (5) on its face applies only to "orders revoking probation."

*Appeal dismissed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 30, 1998 —
RECONSIDERATION DENIED AUGUST 14, 1998.

*William G. Snider, Craig L. Cascio*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[10] 231 Ga. App. 82 (497 SE2d 640) (1998).
[11] See generally *Hughes v. Town of Tyrone*, 211 Ga. App. 616 (440 SE2d 58) (1994) (suspension and probation are not the same); *Hudson v. State*, 248 Ga. 397 (283 SE2d 271) (1981) (there are distinctions between the two).