## S09A0531. CLAYTON v. THE STATE.

(677 SE2d 126)

HINES, Justice.

This is a pro se appeal by criminal defendant Luther James Clayton from the denial of his motion for an out-of-time appeal from the judgments of conviction and sentences entered on his guilty pleas. For the reasons that follow, we affirm the denial of the out-of-time appeal.

On March 15, 1996, Clayton entered guilty pleas to charges of malice murder and voluntary manslaughter and was sentenced to life in prison and a consecutive 20 years incarceration.[1] He did not file a direct appeal. Subsequently, Clayton filed numerous unsuccessful pro se petitions, motions, and requests, including ones for "post-conviction" relief and specifically habeas corpus relief, and for the production of documents and records relating to his case. More than ten years after entry of his pleas and sentences, Clayton filed a pro se motion for an out-of-time appeal, which was denied on July 12, 2007. On July 31, 2007, he filed a pro se "brief in support of out-of-time motion to withdraw guilty plea," and the trial court

---

[1] The sentences were to be served concurrently with any sentence that Clayton was then serving and he was to be given credit for time served.

dismissed the filing on August 7, 2007.[2] In August 2008, Clayton filed another pro se motion for an out-of-time appeal, and the motion was denied on September 8, 2008. The trial court found that Clayton failed to show a good and sufficient reason for his entitlement to an out-of-time appeal; that he failed to meet his burden of proof; and that he failed to show that the questions he raised on appeal could be resolved by the facts appearing in the record. Clayton filed an application for discretionary appeal from this order, and the application was granted pursuant to OCGA § 5-6-35 (j).[3]

> A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. [A]n appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.

(Citations and punctuation omitted.) *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007). Also,

> [a]n out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal.

Id. And, as has already been noted, a direct appeal following a guilty plea is available only if the appeal can be resolved by reference to facts of record. Thus, in the case of a guilty plea, the determining factor in the availability of an out-of-time appeal is the ability to decide the appeal based upon the existing record. Id. Accord *Hicks v. State*, 281 Ga. 836 (642 SE2d 31) (2007).

So the salient inquiry is whether the issues raised in Clayton's motion for an out-of-time appeal before the trial court could be resolved by reference to the facts of record. Clayton's motion and accompanying brief alleged not only irregularities by the trial court

---

[2] Clayton filed in this Court an application for discretionary appeal from this order, but the application was dismissed as untimely.

[3] OCGA § 5-6-35 (j) provides:

When an appeal in a case enumerated in subsection (a) of Code Section 5-6-34, but not in subsection (a) of this Code section, is initiated by filing an otherwise timely application for permission to appeal pursuant to subsection (b) of this Code section without also filing a timely notice of appeal, the appellate court shall have jurisdiction to decide the case and shall grant the application. Thereafter the appeal shall proceed as provided in subsection (g) of this Code section.

during the plea proceeding,[4] but also that trial counsel was ineffective in so many respects, including counsel's preparation and investigation of the case, that Clayton was "virtually unrepresented," and that trial counsel coerced him into entering the pleas. Thus, Clayton raised factors outside the plea hearing that allegedly affected the voluntariness of his pleas. Consequently, an out-of-time appeal is not authorized because such issues cannot be resolved by reference to facts contained in the record, but can be developed only in the context of a post-plea hearing. *Barlow v. State*, supra at 234; *Grantham v. State*, 267 Ga. 635, 636 (481 SE2d 219) (1997). The remedy is habeas corpus. *Barlow v. State*, supra at 234.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 2009.

Luther J. Clayton, *pro se.*
*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

---

[4] The plea hearing transcript reveals that the trial court informed Clayton, inter alia, that he need not enter any plea, that he was entitled to a trial by jury, about the State's burden of proof at trial, that a jury trial included the presumption of his innocence, about the right to hear and see his accusers and the witnesses against him, about the right to subpoena his own witnesses and have them come into court and testify for him, about the right to testify on his own behalf, about the right to remain silent and that such silence could not be used against him, and about the right to have a lawyer and to have the lawyer appointed in the event he could not afford one. See *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).