# Court of Appeals
# of the State of Georgia

ATLANTA,   May 30, 2012   

*The Court of Appeals hereby passes the following order:*

## A12A1901.  RUPERT CRAWFORD v. THE STATE.

In 2008, Rupert Crawford pled guilty to loitering and prowling, simple assault, and stalking and was sentenced to 84 months of probation.  In September 2009, the court amended Crawford's sentence to include additional terms of probation.  In November 2010, the court revoked 24 months of Crawford's probation.  In 2011, Crawford filed a motion to reconsider or modify his sentence, an extraordinary motion for new trial, and a motion to clarify his sentence.  In November 2011, the court entered an order denying "[a]ll requests to modify the terms of said sentence."  Crawford then filed this direct appeal.  Crawford's notice of appeal states that he wishes to appeal (1) "the judgment and conviction"; (2) the September 14, 2011 denial of his motion for reconsideration and motion for new trial; and (3) the June 8, 2011 denial of his extraordinary motion for new trial.

Crawford's judgment of conviction and original sentence were entered on December 9, 2008.  A notice of appeal must be filed within 30 days after entry of the order to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995).  Accordingly, we lack jurisdiction to consider any appeal of Crawford's judgment of conviction and original sentence.

No written orders appear in the record denying Crawford's motion for reconsideration, motion for new trial,[1] and extraordinary motion for new trial.  Thus,

---

[1] No motion for new trial appears, either.

to the extent that Crawford seeks to appeal any rulings on those motions, the record contains nothing for this Court to review. And even if the purported June 8, 2011 and September 14, 2011 orders *were* in the record, Crawford's December 2011 notice of appeal would not have been timely.

The only order in the record from which the notice of appeal is timely is the November 2011 order denying Crawford's motion to clarify his sentence. As Crawford's most recent sentence was imposed following the revocation of his probation, the underlying subject matter of this appeal is the revocation of probation. Accordingly, Crawford was required to file an application for discretionary review in order to obtain appellate review. OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998). His failure to comply with the discretionary appeal requirements deprives this Court of jurisdiction to consider his appeal.

We note that the state has moved to dismiss this appeal for lack of jurisdiction. For the reasons discussed above, the state's motion to dismiss is GRANTED and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/30/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*