# Court of Appeals
# of the State of Georgia

ATLANTA,   July 01, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2075. DANTE HAYWARD v. THE STATE.**

In 2007, Dante Hayward pled guilty to multiple offenses and was sentenced to a period of incarceration followed by probation. Hayward's probation was apparently revoked, and in 2013, Hayward filed a "Motion to Vacate Void Sentence," arguing that the trial court erred in revoking his probation. The trial court denied the motion, and Hayward filed this direct appeal.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

As noted by the trial court, Hayward has not raised any valid void sentence argument. Rather, Hayward seeks to challenge the revocation of his probation. But appeals of probation revocation matters must be made by discretionary application, not direct appeal. See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998).

Because Hayward failed to raise a colorable void sentence argument, his appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 07/01/2013
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*