# Court of Appeals
# of the State of Georgia

ATLANTA,     August 21, 2014

*The Court of Appeals hereby passes the following order:*

**A14A2191.  ANTHONY RANDY DUNCAN v. THE STATE.**

Anthony Randy Duncan pled guilty to family violence battery and was allowed to serve the majority of his sentence on probation. When Duncan failed to report to his probation officer, the State filed a petition to revoke probation. The same day, the trial court entered an order noting that probation had been tolled and providing a new discharge date. Duncan filed a pro se notice of appeal. We, however, lack jurisdiction.

First, the trial court's order setting a new discharge date is interlocutory as the trial court has not ruled on the State's revocation petition. And "a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein." (Citation omitted.) *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989).

Second, even if the order had been final, Duncan would be required to file an application for discretionary appeal because the underlying matter involves probation revocation. See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998). For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 08/21/2014
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

Stephen E. Castlen
_____ *, Clerk.*