# Court of Appeals
# of the State of Georgia

ATLANTA,   October 03, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0074.  SYLVESTER GRACE v. THE STATE.**

Sylvester Grace pled guilty to incest in 2010 and was sentenced to 25 years to serve under intensive probation.  In January of 2012, the trial court revoked two years of Grace's probation, and in June of 2013, it revoked ten years of Grace's probated sentence.  Grace filed a motion to vacate and to set aside and correct the void sentence/judgment, alleging that the sentence was invalid, counsel was ineffective, and the evidence was insufficient.  The trial court denied the motion on July 2, 2014, and Grace filed his notice of appeal.   We lack jurisdiction.

Grace's notice of appeal states that he seeks to appeal an order entered on July 24, 2014, but there is no such order in the record.   The notice of appeal is timely as to the order denying his motion to vacate.  However, to appeal that order, Grace was required to file an application for discretionary appeal because the underlying subject matter is the revocation of his probation.  See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998).  His failure to follow the discretionary appeal procedures deprives of us jurisdiction to review that order.

In addition, to the extent that Grace's motion sought to vacate the original sentence or judgment rather than the sentence imposed in connection with the probation revocation, the appeal is not properly before this Court.  An appeal from an order denying or dismissing a challenge to an allegedly void conviction is subject to dismissal.  See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).  A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court

imposes a punishment that the law does not allow; assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010). Here, Grace does not allege any valid void sentence claim. He takes issue with the procedure employed in obtaining his guilty plea, the ineffectiveness of his trial counsel, and the sufficiency of the evidence. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*_____10/03/2014_____
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*