# Court of Appeals
# of the State of Georgia

ATLANTA,￼￼August 10, 2015￼

*The Court of Appeals hereby passes the following order:*

**A15A1238. HAYWARD v. THE STATE.**

Acting pro se, Dante Hayward filed this direct appeal of the denial of his motion for an out-of-time appeal and denial of his motion for a final order. Both motions stemmed from the revocation of his probation. For the reasons that follow, we dismiss this appeal.

This is Hayward's third appeal related to his probation revocation.[1]

1. *The First Appeal.* In Case No. A13A2075, Hayward filed a direct appeal from the denial of his motion to vacate void sentence, challenging the revocation of his probation. We dismissed that appeal because (a) Hayward had failed to raise any valid void sentence argument, and (b) appeals of probation revocation matters must be made by discretionary application.[2]

2. *The Second Appeal.* Hayward thereafter filed in the trial court a civil action related to the motion for reconsideration (MFR) his attorney had filed in 2010 challenging the probation revocation. The trial court dismissed the civil action in

---

[1] Hayward pled guilty to multiple offenses in 2007, and was sentenced to a period of incarceration followed by probation. In 2010, the trial court revoked his probation. In 2013, Hayward filed a motion to vacate void sentence, challenging the revocation.

[2] See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998).

March 2015, finding that Hayward's complaint lacked any justiciable issue of law or fact, and that Hayward's request for an order on the MFR had become moot inasmuch as the requested order had since been entered. Case No. A15A1516 was Hayward's direct appeal from that order. This Court dismissed that appeal because it involved a civil action filed by a prisoner and thus required a discretionary appeal application.[3]

3. *This Appeal.* In 2014, Hayward filed two motions in the trial court. In one motion, he moved for an out-of-time appeal, seeking to challenge the 2010 order revoking his probation, and claiming that, due to ineffective assistance of counsel, he had been denied his right to appeal the probation revocation order. In the other motion, Hayward requested a final order, asserting that the trial court had failed to issue a final order on his 2010 MFR from the probation revocation order. The trial court denied both motions in a single order, noting therein that it lacked jurisdiction to consider the withdrawal of Hayward's guilty plea. In February 2015, Hayward filed this direct appeal from that order. We lack jurisdiction to consider this appeal.

"[A]n out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal."[4] As we stated in our order dismissing Case No. A13A2075, an appeal of a probation revocation must be made by discretionary application, not by direct appeal.[5] Because Hayward did not have the

---

[3] See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489 (480 SE2d 24) (1997).

[4] *Clayton v. State*, 285 Ga. 404, 405 (677 SE2d 126) (2009) (citation and punctuation omitted).

[5] See *Scroggins v. State*, 288 Ga. 346, 347 (703 SE2d 622) (2010) ("An order revoking probation may only be appealed by the discretionary procedures set forth in OCGA § 5-6-35.") (citations omitted); *White*, supra; *State v. Wilbanks*, 215 Ga.

right to file a direct appeal from the order revoking his probation, an out-of-time appeal was not available on ineffective assistance grounds.[6]

That Hayward appeals following his guilty plea does not confer upon this Court jurisdiction.[7] Although the order on appeal includes a ruling on what the trial court considered a challenge to the conviction entered on the guilty plea, Hayward explicitly states in his appellate brief that he did not challenge his guilty plea or his conviction in his motion for out-of-time appeal; he challenged only the probation revocation. Thus, the subject matter underlying Hayward's instant appeal is the probation revocation. Such may be appealed only by discretionary application.[8]

Similarly, because the subject matter underlying the appeal of the motion for final order is the probation revocation, that issue is not directly appealable.[9]

---

App. 223 (450 SE2d 293) (1994) ("Inasmuch as a revocation of probation hearing is not a criminal proceeding, we lack direct appeal jurisdiction in the case. . . . Jurisdiction lies upon application only.") (citations omitted).

[6] See generally *Wilbanks*, supra.

[7] Our analysis would have been different had this appeal been from the denial of Hayward's motion for an out-of-time appeal based on a challenge to his guilty plea. See, e.g., *Simmons v. State*, 276 Ga. 525, 526, n. 2 (579 SE2d 735) (2003) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal."); *Rhodes v. State*, 296 Ga. 418, 419-420 (1), (2) (768 SE2d 445) (2015) ("When a conviction is entered based on a plea of guilty, a direct appeal is available only if the issue on appeal can be resolved by reference to facts on the record. Thus, if the issues that the defendant seeks to appeal cannot be resolved from the record, he had no right to file a direct appeal, and therefore he has no right to file an out-of-time appeal.") (citation and punctuation omitted).

[8] *White*, supra at 874 ("In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought.") (citation omitted).

[9] See generally *White*, supra.

Furthermore, the order that the trial court entered in the civil case states that such a final order was subsequently issued, and Hayward conceded in his appellate brief in that case that a final order was eventually issued. The issue is therefore moot.[10]

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____08/10/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*

---

[10] *State v. Green*, 331 Ga. App. 107, 111 (2) (769 SE2d 804) (2015) ("The general rule is that if appellant would receive no benefit by reversal of the case, it is moot.") (citation and punctuation omitted).