# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0531, A18A0532, A18A0533, A18A0534, A18A0535. RANDALL SCHOFIELD v. THE STATE (five cases).

Randall Schofield was convicted of multiple offenses in five separate cases: nos. 98-C-23892, 98-C-24819, 2005-C-32761, 2010-C-42958, and 2011-C-44675. In case no. 2011-C-44675, Schofield was sentenced as a recidivist under OCGA § 17-10-7 (c) to thirty years with ten years to serve in confinement. However, he was allowed to serve his entire sentence on probation under the Probation Management Act. Schofield's probation in case no. 2011-C-44675 was subsequently revoked, and his ten-year prison sentence was reinstated. Schofield then filed a motion to reduce or correct his sentence, challenging (1) whether he was re-sentenced as a recidivist, and (2) that his banishment from Houston County was unreasonable. The motion included the above five docket numbers and was filed in all five cases. The trial court denied the motion in a single order that included all five docket numbers and was filed in all five cases. Schofield then filed these five direct appeals from that same trial court order. We consolidated the appeals at Schofield's request.[1] We, however, lack jurisdiction.

First, with respect to his challenge regarding a recidivist sentence, the underlying subject matter of that claim is the revocation of his probation in case no 2011-C-44675. Thus, he was required to file an application for discretionary appeal in order to obtain review of the order he challenges in this Court. See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). His failure to do

---

[1] After the appeals were already consolidated, Schofield filed a second motion to consolidate, which is hereby DISMISSED as moot.

so deprives us of jurisdiction over these appeals.

Second, to the extent that Schofield's challenge to his banishment in case nos. 2010-C-42958 and 2011-C-44675 is separate from his probation revocation, he is not entitled to a direct appeal. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. Id. And a sentence is void only if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Schofield does not allege that his banishment sentence is void. Rather, he alleges that banishment from Houston County is unreasonable. Consequently, Schofield's allegations cannot form the basis of a valid appeal.

For these reasons, each of Schofield's appeals is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/29/2017_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ , *Clerk.*