# Court of Appeals
# of the State of Georgia

ATLANTA,  January 05, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0765. WILLIAM D. BARR v. THE STATE.**

In 2009, William Barr pled guilty to first-degree cruelty to children, and the trial court sentenced him to five years in prison, to be followed by five years on probation. The current record contains no indication that Barr filed a direct appeal from his judgment of conviction. In July 2020, Barr filed a motion to vacate a void sentence, in which he: (i) challenged the validity of the indictment that led to his conviction and sentence; (ii) asserted that he was denied the right to counsel for several months before he pled guilty; (iii) identified several additional alleged procedural deficiencies that purportedly occurred throughout his criminal proceedings; and (iv) challenged the sentence entered after his probation was revoked. The trial court denied Barr's motion, and he filed this direct appeal. We lack jurisdiction.

*1. Pre-probation-revocation claims.*

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the

statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Barr has not raised a colorable claim that his sentence is void in any of his arguments that pertain to issues that pre-date his probation revocation, because those claims have no bearing on whether his sentence falls within the statutory range of permissible punishments for the crime of which he was convicted. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). To the extent that Barr's motion could be construed as a motion to vacate his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Consequently, Barr is not entitled to a direct appeal with respect to his claims as to issues that pre-date the revocation of his probation.

*2. Post-probation-revocation claims.*

The underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). The underlying subject matter of Barr's challenges to the sentence entered after his probation was revoked is the revocation of his probation. An appeal in such a proceeding must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (5), (b); *White*, 233 Ga. App. at 874. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Barr's failure to follow the

proper procedure deprives us of jurisdiction over that part of his appeal that pertains to the sentence entered after his probation was revoked.

For each of the above reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/05/2021__
*I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



_____ *, Clerk.*