# Court of Appeals
# of the State of Georgia

ATLANTA,  April 09, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1208. RANDOLF SMITH v. THE STATE.**

In 2016, Randolf Smith pleaded guilty to multiple counts of aggravated stalking. He was sentenced to ten years, to serve four years in prison and the remainder on probation. In 2022, the court revoked the balance of Smith's probation. He thereafter filed a pro se motion to vacate the revocation of his probation, which the court denied on January 11, 2024. On March 21, 2024, Smith filed this appeal. We lack jurisdiction.

Because the underlying subject matter of Smith's appeal is the revocation of his probation, he was required to file an application for discretionary appeal to obtain review in this Court. See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Moreover, even if Smith was entitled to appeal directly from the trial court's order, his notice of appeal is untimely. To be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447)

(2020). Here, Smith's notice of appeal was filed 70 days after entry of the trial court's January 11, 2024 order.

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,___04/09/2024_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*