A94A0167. MERCIERS v. THE STATE.
(444 SE2d 416)

ANDREWS, Judge.

Merciers was convicted of violating the Georgia Controlled Substances Act and, as a first offender, was placed on five years probation. Two years later Merciers stipulated that he had violated the conditions of his first offender probation, appeared before the court for a hearing, and the court issued an order entitled "Amended Order to Conform Sentence upon Defendant's Adjudication of Guilt," which sentenced Merciers to confinement for two years. Here Merciers appeals.

Appeals from orders revoking probation must be made by appli-

cation filed within 30 days of the date of the revocation order. See OCGA § 5-6-35 (a) (5); *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985); see also *Anderson v. State*, 177 Ga. App. 130, 131 (1) (338 SE2d 716) (1985) (physical precedent). Because no such application was filed in this case, the appeal must be dismissed for lack of jurisdiction.

*Case dismissed. Johnson, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I reluctantly concur because of the decision in *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985).

It is important to note, however, that this is not in actuality an appeal from an order of revocation of probation as covered by OCGA § 5-6-35 (a) (5). Appellant does not challenge the revocation, which occurred on June 8, 1993. Instead, he complains about the subsequent order amending his sentence, which was entered on September 17. A direct appeal is the appropriate avenue to seek review.

That is true for another reason as well. Even if this were considered an appeal from the order of June 8, as amended September 17, the order of June 8 is more than a mere revocation of probation. It comprises an adjudication of guilt and sentence thereon. OCGA § 42-8-60. Prior to that time, defendant had not been convicted. *Priest v. State*, 261 Ga. 651 (409 SE2d 657) (1991). Thus it would be an appeal from the original conviction.

OCGA § 5-6-35 (a) (5) contemplates that permission first be obtained when only a probation revocation is at stake, defendant already having had opportunity for direct appeal of his conviction. Considering that the categories for which application must be made are relatively minor (subsection (6)), or some review has already been had (subsection (1)), or the appeal is not from the adjudication of the underlying dispute (subsection (4)), subsection (5) would not appear to contemplate revocations under the First Offender Act. This is in keeping with subsection (7), which covers denials of extraordinary motions for new trial "when separate from an original appeal." As here, such appellants already had a right to appeal the adjudication of guilt. That was the case in *Scriven v. State*, 179 Ga. App. 513 (346 SE2d 906) (1986).

DECIDED MARCH 11, 1994.

*Word & Flinn, T. Michael Flinn*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Jeffrey*

*W. Hunt, Assistant District Attorneys*, for appellee.