S94A1769. SELF v. BAYNEUM et al.
(453 SE2d 27)

THOMPSON, Justice.

Stephen Self sued his wife for divorce in the Superior Court of Fulton County and the case was assigned to Judge Alexander. Judge Alexander directed the Chief Magistrate of Fulton County, Judge Bayneum, to hear and rule on any motions filed in the case. Judge Bayneum heard the motions and ruled against Self.

Thereafter, Self filed a petition for writ of prohibition, naming Judge Alexander and Judge Bayneum as defendants, and alleging that (1) Judge Alexander had no authority to direct Judge Bayneum to rule on the motions in his divorce case and (2) Judge Bayneum had no authority to rule on the motions. He sought a ruling that the orders entered by Judge Bayneum in the divorce case were null and void.

Judges Alexander and Bayneum answered the petition and were granted summary judgment. Self appeals.

In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief

sought. *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994). Thus, in *Rebich*, we dismissed a direct appeal from the denial of a writ of mandamus where the underlying subject matter was subject to discretionary review.

It is clear that Self's objective is to obtain relief from the orders entered in his divorce action.[1] Since the underlying subject matter is divorce, Self was required to file an application for appeal as provided in OCGA § 5-6-35 (a) (2); he cannot avoid the discretionary review procedure by challenging the trial court's rulings via writ of prohibition. *Rebich v. Miles*, supra; see OCGA § 9-6-40 (prohibition is the counterpart of mandamus). Because Self failed to follow the discretionary review procedure, we are without jurisdiction to entertain his appeal and it must be dismissed.

*Appeal dismissed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED FEBRUARY 13, 1995.

Stephen L. Self, *pro se.*
Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, Thomas K. Bond, Assistant Attorney General, for appellees.

---

[1] To the extent that Self's petition could be interpreted as seeking relief beyond the orders entered in his divorce action, we would be compelled to affirm. A writ of prohibition generally does not lie for the relief of grievances that may be adjudicated by other remedies. *Shantha v. Municipal Court of City of Atlanta*, 240 Ga. 280 (240 SE2d 32) (1977); *Martin v. Crawford*, 199 Ga. 497 (34 SE2d 699) (1945); *Jackson v. Calhoun*, 156 Ga. 756 (120 SE 114) (1923).