A97A0720. ZAMORA v. THE STATE.
(485 SE2d 214)

MCMURRAY, Presiding Judge.

This is a direct appeal from an order of adjudication of guilt and imposition of sentence in a first offender case. The two enumerations of error complain of the sentence imposed on defendant Zamora following the revocation of his probation. *Held*:

In *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711), this Court concluded that the discretionary appeal procedure of OCGA § 5-6-35 is applicable to the revocation of "first-offender" probation. OCGA § 5-6-35 (a) (5). And this rule has been previously recognized in an appeal where all issues related only to the sentence imposed rather than to the revocation of probation. *Tallant v. State*, 187 Ga. App. 138 (369 SE2d 789). Thus, Zamora's failure to comply with those requisite discretionary procedures deprive this Court of jurisdiction to consider this appeal. The appeal must be dismissed.

*Merciers v. State*, 212 Ga. App. 424 (444 SE2d 416).

*Appeal dismissed. Smith, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I am compelled to concur because of the controlling whole court case of *Dean v. State*, 177 Ga. App. 123 (338 SE2d 711) (1985). However, relegating these cases to the probation revocation category, where permission to appeal is required, denies the right to appeal to a first offender who becomes adjudicated guilty of the crime and sentenced to incarceration. Defendants should not lose this valuable right as a consequence of first offender treatment.

DECIDED MARCH 12, 1997 —
RECONSIDERATION DENIED APRIL 7, 1997 — 

Before Judge Caldwell.

*Peter J. Ross, Larry H. Tatum*, for appellant.

*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.

