## A98A2446. TODD v. THE STATE.
(513 SE2d 287)

RUFFIN, Judge.

On January 7, 1994, Thomas Todd pled guilty to seven counts of burglary and to possession of a firearm by a convicted felon. The trial court sentenced Todd to twelve years on probation for the burglary charges and five years on probation for the possession of the firearm charge, to be served concurrently. On June 2, 1997, the trial court revoked Todd's probation because, while on probation, he had been found guilty of assault and battery and burglary in South Carolina. In February 1998, Todd, proceeding pro se, filed a "Motion to Correct Sentencing Errors and Evidentiary Hearing" claiming, inter alia, that the sentence imposed pursuant to his probation revocation was void and that the trial court should have considered alternative sentencing. Todd appeals the trial court's denial of his motion. For reasons which follow, we dismiss Todd's appeal.

Although Todd purportedly challenges the denial of his motion to correct sentencing errors, it is apparent that the underlying subject matter of his appeal is the revocation of his probation. In his first enumeration of error, Todd claims that, upon revoking his probation, the trial court erred in failing to exercise "its broad authority to correct or modify an illegal and erroneous sentence." According to Todd, the trial court should have imposed a sentence of two years or less pursuant to OCGA § 42-8-34.1 (b). In his second enumeration of error, Todd reiterates his complaint that the trial court erred in failing to sentence him pursuant to OCGA § 42-8-34.1 (b) and also claims the trial court should have considered alternative sentencing pursuant to this Code section. In his third enumeration of error, Todd contends that the trial court failed to notify him of his right to appeal. To correct the alleged omission, Todd asks this Court to order "appellant's sentence to fit the OCGA § 42-8-34.1 (b), two years or less provisions." In his final enumeration of error, Todd questions the trial court's jurisdiction to revoke his probation.[1]

---

[1] Todd's jurisdiction argument is entirely specious. It is undisputed that the revocation proceeding took place in a court that had original jurisdiction over the criminal proceeding. OCGA § 42-8-34 (a).

With the exception of his jurisdiction argument, Todd's sole complaint is that, upon revoking his probation, the trial court erred in failing to impose a sentence of two years or less pursuant to OCGA § 42-8-34.1 (b). Thus, the underlying subject matter of Todd's appeal is the sentence imposed following the revocation of his probation.[2] We note that it is "the underlying subject matter [that] determines which appellate procedure is required." *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). Pursuant to OCGA § 5-6-35 (a) (5) & (d), appeals from orders revoking probation are discretionary and require that an application be filed with the clerk of the appropriate court within 30 days of the date of the revocation order.

"A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35. This approach fulfills the legislature's intent to give appellate courts more discretion in managing their caseload. Otherwise, any party could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal. This Court has refused to treat a direct appeal as an application, even where requested." (Citation and punctuation omitted.) *White*, supra. Since Todd failed to file an application for discretionary appeal, we do not have jurisdiction to address his grievances. See *Scriven v. State*, 179 Ga. App. 513-514 (346 SE2d 906) (1986).

*Appeal dismissed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 3, 1999.

Thomas P. Todd, *pro se*.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

---

[2] Todd does not contest the original sentences imposed following his guilty plea. Moreover, we note that neither the twelve year sentence for burglary nor the five year sentence for possession of a firearm by a convicted felon was void. OCGA §§ 16-7-1; 16-11-131 (b).