# Court of Appeals
# of the State of Georgia

ATLANTA,   April 01, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0577. HAROLD JAMES MANTOOTH v. THE STATE.**

Harold James Mantooth pleaded guilty to possession of methamphetamine and driving under the influence of drugs. He was sentenced to seven years on the possession charge and 12 months on the driving-under-the-influence charge. After service of 12 months, however, the balance of the sentence was to be served on probation.

On March 26, 2014, the trial court entered an order revoking Mantooth's probation based upon his violation of conditions of probation. Specifically, the court found that Mantooth possessed a firearm and possessed a controlled substance while an inmate. The court thus ordered Mantooth to serve four years and ten months.

Mantooth filed a "Motion to Vacate Void Sentence," alleging that the trial court was not authorized to revoke his probation based upon conditions of probation that were not entered at his original sentencing.[1] The trial court denied the motion on the basis that all conditions of probation were set forth at the time of sentencing. Mantooth appeals this ruling.[2] We, however, lack jurisdiction.

Although Mantooth filed a motion to vacate a void sentence, in substance he

---

[1] Mantooth apparently failed to recognize that the original sentencing sheet had a reverse side that listed the conditions of probation.

[2] An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. *See Harper v. State*, 286 Ga. 216, 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

challenges the revocation of his probation. And it is the substance of the motion rather than its nomenclature that controls.[3] In order to appeal the revocation of his probation, Mantooth was required to file an application for discretionary appeal.[4] His failure to comply with the discretionary appeal procedure deprives this court of jurisdiction to consider his appeal, which is therefore DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____04/01/2015_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[3] *See Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (holding that, in pleadings, substance controls over nomenclature).

[4] *See* OCGA § 5-6-35 (a) (5); *Freeman v. State*, 245 Ga. App. 333, 333 (537 SE2d 763) (2000); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997).