# Court of Appeals
# of the State of Georgia

ATLANTA,   January 07, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0703.  FRANKIE B. SHEPPARD v. THE STATE.**

Frankie B. Sheppard pled guilty to obstruction and other charges and was given a partially probated sentence.  On June 3, 2013, the trial court entered his judgment of conviction and sentence.  Sheppard later filed a pro se motion to modify his sentence, which the trial court denied by order entered on December 3, 2013.  On November 12, 2014, the trial court entered an order modifying Sheppard's probation.  On November 13, 2015, Sheppard filed a notice of appeal to this Court, indicating his wish to appeal "the judgment of the trial court entered on the 7th day of May 2013." We lack jurisdiction.

The trial court did not enter an order on May 7, 2013.  To the extent that Sheppard wishes to appeal his judgment of conviction or the order denying his motion to modify his sentence, his notice of appeal – filed 893 days after his judgment of conviction and 710 days after the denial of his motion – is untimely.  See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of entry of order sought to be appealed); *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995) (proper and timely filing of notice of appeal is "an absolute requirement to confer jurisdiction" on this Court).  And to the extent that Sheppard wishes to appeal the order modifying his probation, such appeals must be brought by timely application for discretionary appeal.  See OCGA § 5-6-35 (a) (5); *Todd v. State*, 236 Ga. App. 757 (513 SE2d 287) (1999).[1]

---

[1] Even if Sheppard could directly appeal a probation modification order, his notice of appeal – filed 366 days later – is untimely as to that order.  We note that five

Because Sheppard's notice of appeal is not timely as to any directly appealable order in the record, we lack jurisdiction to consider this appeal. Accordingly, the appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____ 01/07/2016 _____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

days after Sheppard filed his notice of appeal, the trial court entered an order revoking his probation. To the extent that Sheppard wishes to appeal that order, we lack jurisdiction both because a timely discretionary application is required and because even if a direct appeal were permitted, Sheppard's notice of appeal would not be effective. See *Straus v. Renasant Bank*, 326 Ga. App. 271, 278-279 (3) (756 SE2d 340) (2014) ("orders entered subsequent to the filing of a notice of appeal are appealable only pursuant to a subsequently filed notice of appeal") (citation and punctuation omitted).