# Court of Appeals
# of the State of Georgia

ATLANTA, __February 15, 2017__

*The Court of Appeals hereby passes the following order:*

## A17A1064. PATRICK NUNN v. THE STATE.

Patrick Nunn pled guilty to burglary and possession of a firearm by a convicted felon, and, on September 16, 2013, the trial court sentenced him to probation. On August 10, 2015, the trial court revoked Nunn's probation, ordering him to serve two years in prison followed by an eight-month stint in a residential treatment program. Nunn filed a motion to modify this sentence, which the trial court denied on March 30, 2016. Nunn filed a motion for reconsideration from this ruling, and the trial court denied it on April 25, 2016. Nunn filed a notice of appeal from these rulings.[1] We lack jurisdiction.

Because the underlying subject matter of Nunn's appeal is the revocation of his probation, he was required to file an application for discretionary appeal in order to obtain appellate review. See OCGA § 5-6-35 (a) (5); *Jones v. State*, 322 Ga. App. 269 n. 2 (745 SE2d 1) (2013); *Zamora v. State*, 226 Ga. App. 105 (485 SE2d 214) (1997). His failure to do so deprives us of jurisdiction over this appeal.

Furthermore, Nunn failed to file a timely notice of appeal. To be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworks*

---

[1] Nunn signed his notice of appeal on May 10, 2016. The notice was not entered, however, until January 17, 2017 because it was filed without first having been processed. Because we lack jurisdiction over this appeal we need not address any irregularity in the clerk's handling of the notice of appeal.

*Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Here, Nunn signed his notice of appeal on May 10, 2016 – 41 days after entry of the trial court's order denying his motion to modify his sentence. Although Nunn filed a motion for reconsideration from the trial court's March 30th order, the denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985).

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __02/15/2017__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*