# Court of Appeals
# of the State of Georgia

ATLANTA,  March 27, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0935, A17A0936.  GERALD WILLIAM HAVRON v. THE STATE.**

In 1997, Gerald William Havron was convicted of aggravated child molestation and child molestation, and the trial court imposed a sentence of 25 years, to serve 12 in prison and the remainder on probation.  We affirmed his convictions on appeal. *Havron v. State*, 234 Ga. App. 413 (506 SE2d 421) (1998).

In April 2015, the State petitioned to revoke Havron's probation on the ground that he had violated a condition requiring him to abstain from drugs and alcohol.  In August 2015, following a hearing, the trial court entered an order finding that Havron had admitted the violation, and it revoked two years of his probation.  Those two years were to be suspended, however, upon Havron's entry into and successful completion of a residential substance abuse program.  In March 2016, the trial court entered another order finding that Havron had refused to participate in the program and resentencing him to serve the two revoked years in confinement, with credit for time already served.

Havron then filed a "Motion for Disqualification and Recusal of Judge," arguing that the trial judge had not treated him fairly in the revocation proceedings.  He also filed a "Motion to Vacate and Dismiss" in which he sought to set aside the court's March 2016 revocation resentencing order.  The trial court entered separate orders denying the motion to recuse and dismissing the motion to vacate.  In Case No. A17A0935, Havron appeals the denial of his motion to recuse.  In Case No. A17A0936, he appeals the dismissal of his motion to vacate.  We lack jurisdiction in both cases.

Because the underlying subject matter of these appeals is the revocation of Havron's probation, he was required to file an application for discretionary appeal in order to appeal. See OCGA § 5-6-35 (a) (5); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). His failure to do so deprives us of jurisdiction over these direct appeals, which are therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/27/2017

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*