# Court of Appeals
# of the State of Georgia

ATLANTA,  August 24, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0135. JAROD ROBINSON v. THE STATE.**

In May 2016, the trial court revoked Jarod Robinson's first-offender probation and sentenced him to 12 years' imprisonment for his guilty pleas to robbery and aggravated assault.  Robinson filed a motion for an out-of-time appeal in January 2017.  In his motion, Robinson requested an "expedited ruling."  On March 10, 2017, the trial court denied Robinson's "Motion for Expedited Ruling on Motion for an Out of Time Appeal."  Robinson filed a notice of appeal from the trial court's order on June 26, 2017.  We lack jurisdiction for several reasons.

First, because the underlying subject matter of Robinson's appeal is the revocation of his first-offender probation, he was required to file an application for discretionary appeal to obtain review in this Court.  See OCGA § 5-6-35 (a) (5); *Jones v. State*, 322 Ga. App. 269, 269, n. 2 (745 SE2d 1) (2013); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997).  His failure to do so deprives us of jurisdiction over this appeal.

Second, the order that Robinson seeks to appeal is not final.  According to the plain terms of the order sought to be appealed, the trial court denied only Robinson's request for an expedited ruling, and his underlying motion for an out-of-time appeal thus remains pending before the trial court.  Robinson therefore also was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b).  See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).  Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of

immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1). Robinson's failure to do so independently deprives us of jurisdiction over this appeal. See *Bailey*, 266 Ga. at 833.

Finally, even if Robinson had a right of direct appeal here, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Robinson's notice of appeal was untimely filed 108 days after entry of the trial court's order.

For each of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/24/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*