# Court of Appeals
# of the State of Georgia

ATLANTA,__January 31, 2019_____

*The Court of Appeals hereby passes the following order:*

**A19A1167.  ELIJAH PROFIT, III v. THE STATE.**

In May 2017, Elijah Profit, III entered an *Alford*[1] plea to aggravated assault, battery-family violence, and two counts of cruelty to children in the third degree. He was sentenced to a total term of ten years to be served on probation pursuant to the terms of the First Offender Act, OCGA § 42-8-60 et seq. In July 2018, the trial court revoked Profit's probation, finding that he had committed a new criminal offense and failed to pay arrears for the cost of his probation. The court resentenced him to 20 years with the first 10 years to serve in confinement and the remainder on probation. Profit then filed a motion contesting his sentence, in which he argued, in relevant part, that his sentence is void because the trial court erred in converting all of the conditions of his probation to special conditions. The trial court dismissed the motion, and Profit then filed the instant direct appeal. We, however, lack jurisdiction.

Because the underlying subject matter of this appeal concerns the revocation of his probation, Profit was required to file an application for discretionary appeal in order to obtain review of the order he seeks to challenge in this Court.[2] See OCGA

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

[2] To the extent that Profit seeks to challenge the computation of his sentence, including credit for time served, he must seek relief from the Department of Corrections, not from the trial court. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). Dissatisfaction with that relief may be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections, or in a petition for habeas corpus. See id.; *Maldonado v. State*, 260 Ga. App. 580, 581 (580 SE2d 330) (2003).

§ 5-6-35 (a) (5); *Jones v. State*, 322 Ga. App. 269, 269 n. 2 (745 SE2d 1) (2013); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,__01/31/2019_____
    I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_____ , Clerk.