# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2019

*The Court of Appeals hereby passes the following order:*

## A19A2325. KEVIN VERNARD SMITH v. THE STATE.

Kevin Vernard Smith filed this direct appeal from the trial court's order denying his "Request for Sentence Clarification." We, however, lack jurisdiction.

The record shows that, on October 29, 2013, Smith pled guilty to theft by shoplifting, possession of oxycodone, and obstruction. The trial court sentenced him as a recidivist to 10 years for theft by shoplifting, with two years to serve in confinement and the remainder on probation. Smith was sentenced to three years of probation for the possession charge and five years of probation for the obstruction charge, concurrent to the shoplifting sentence. In August 2018, the trial court revoked two years of Smith's probation based upon his violations of special conditions of probation.

In January 2019, Smith filed a "Request for Clarification of Sentence." Although Smith's argument is not entirely clear, he seems to argue that he was improperly sentenced as a recidivist following the revocation of his probation.[1] Smith requested that the trial court correct or clarify its sentence. The trial court construed the motion as one for sentence modification, which the court denied. Smith filed a notice of appeal from this ruling.

---

[1] It appears that Smith misconstrues the nature of probation revocation. The trial court does not enter a new sentence following revocation of probation. Rather, the probated portion of the original sentence is revoked. Under OCGA § 42-8-34.1 (e), the trial court was authorized to revoke the balance of Smith's probation for the violation of a special condition.

Although Smith purports to challenge the denial of his motion for clarification of his post-revocation sentence, the underlying subject matter is the revocation of probation. See *Todd v. State*, 236 Ga. App. 757, 757 (513 SE2d 287) (1999). An appeal in such a proceeding must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (5), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Consequently, Smith's failure to file a discretionary application deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Todd*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __08/07/2019_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.