# Court of Appeals
# of the State of Georgia

ATLANTA,  October 24, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0371.  RODERICK WYNN v. THE STATE.**

In 2013, Roderick Wynn was convicted of shoplifting.  We affirmed his conviction on direct appeal.  See Case No. A14A1542 (Jan. 29, 2015).  On July 9, 2019, the trial court revoked Wynn's probation, and Wynn filed this direct appeal on August 20, 2019.  Pretermitting whether Wynn was represented by counsel when he filed his pro se notice of appeal, which would render the appeal a nullity, see *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017), we lack jurisdiction for two reasons.

First, an application for discretionary appeal is required to appeal orders revoking probation.  OCGA § 5-6-35 (a) (5); see *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999) (holding that where the underlying subject matter is probation revocation, the discretionary appeal procedure applies); accord *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).

Second, even if Wynn had a right of direct appeal, his notice of appeal was not timely filed.  A notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v.*

*State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Wynn's notice of appeal, filed 42 days after the trial court's revocation order, was untimely.

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
            Clerk's Office, Atlanta,__10/24/2019_____
            I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
            Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_____ , *Clerk.*