# Court of Appeals
# of the State of Georgia

ATLANTA, January 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1077. ANTONIO FAIR v. THE STATE.**

In 2012, Antonio Fair pleaded guilty to burglary and theft by receiving stolen property. He was sentenced to nine years, to be served on probation. In January 2019, the trial court revoked two years of Fair's probation. In October 2019, Fair filed an "Out of Time Notice of Appeal" indicating his wish to appeal the revocation order to the Supreme Court. The Supreme Court transferred the ensuing appeal here upon finding no basis for subject matter jurisdiction there.

An application for discretionary appeal is required to appeal orders revoking probation. OCGA § 5-6-35 (a) (5); see *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999) (holding that where the underlying subject matter is probation revocation, the discretionary appeal procedure applies); accord *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). Fair's failure to follow the required appellate procedure deprives us of jurisdiction. Accordingly, this appeal is hereby DISMISSED.[1]

---

[1] Even if Fair had filed a discretionary application, we would have dismissed it as untimely. See OCGA § 5-6-35 (d) (application for discretionary appeal must be filed within 30 days of entry of order to be appealed). In his "Out of Time Notice of



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  01/17/2020

  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

Appeal," Fair states that his lawyer failed to inform him of his right to appeal the revocation order. "Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal." *Gable v. State*, 290 Ga. 81, 85 (2) (b) (720 SE2d 170) (2011). If Fair believes that his right to seek appellate review was frustrated by the ineffective assistance of counsel to which he was legally entitled, he may apply to the trial court for relief as described in *In the Interest of B. R. F.*, 299 Ga. 294 (788 SE2d 416) (2016).