# Court of Appeals
# of the State of Georgia

ATLANTA,  July 01, 2020

*The Court of Appeals hereby passes the following order:*

## A20A1916. DECARLOS BOBBY BUTLER v. THE STATE.

De'Carlos Bobby Butler pled guilty to aggravated assault in January 2011. He received first offender treatment and was sentenced to 8 years, with the first 18 months to be served in confinement and the remainder to be served on probation. He was also ordered to pay restitution to the victim. In 2013, the State petitioned to revoke Butler's probation based on non-compliance with court directives. The trial court agreed to maintain Butler's first offender status, but ordered him to spend weekends in confinement over the next six months. In April 2014, the State again moved to revoke Butler's probation based on new charges committed on two separate dates for family violence-battery, felony terroristic threats, misdemeanor obstruction of a law enforcement officer, and criminal trespass. The trial court revoked Butler's first offender status and re-sentenced him to 20 years, with 8 years to be served in confinement and the remainder to be served on probation. Butler subsequently filed numerous pro se motions and habeas petitions in which he sought reconsideration and modification of his sentence, and the trial court on more than one occasion modified his sentence.

In 2016, Butler filed a motion for sentence modification and a motion to correct a void sentence. The trial court denied these motions on June 20, 2019, and, on April 17, 2020, Butler filed a pro se notice of appeal, which he amended at least three times. In his notices of appeal, Butler seeks to appeal the trial court's June 20, 2019 order, and he mentions a February 2020 arrest for a probation violation and an April 2020 revocation hearing. We lack jurisdiction for two reasons.

First, "[i]n determining the proper procedure to follow in pursuing an appeal,

the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Because the underlying subject matter of this appeal is the revocation of Butler's probation, he was required to file an application for discretionary appeal in order to appeal. See OCGA § 5-6-35 (a) (5), (b); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997) (the discretionary appeal procedure of OCGA § 5-6-35 (a) (5) is applicable to the revocation of "first offender" probation). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Butler's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal. See *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).

Although at least one of Butler's amended notices of appeal identified OCGA § 5-6-35 (a) (5) as the basis for his appeal, Butler filed the document in the trial court (which properly construed it as a notice of appeal), rather than this Court. An application for discretionary review must be filed in the appropriate appellate court. OCGA § 5-6-35 (d); compare OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined").

Second, Butler's notice of appeal is untimely and even if Butler had filed a discretionary application, we would have dismissed it as untimely. Both an application for discretionary appeal and a direct appeal must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA §§ 5-6-35 (d), 5-6-38 (a). The requirements of OCGA §§ 5-6-35 and 5-6-38 are jurisdictional, and this Court lacks jurisdiction to consider an untimely application or an untimely appeal. See *Legare v. State*, 269 Ga. 468, 469 (499 SE2d 640) (1998); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Butler filed his notice of appeal on April 17, 2020. His effort to appeal the trial court's June 20, 2019 order is thus untimely. Although Butler mentions he is attempting to appeal from a February 2020 arrest for a probation violation and an April 2020 revocation hearing, it does not appear from the record that an order has been entered regarding any motions filed regarding these proceedings. Consequently, Butler's appeal is premature as to those issues because,

given the apparent absence of a trial court order, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) (this Court is for the correction of errors and will not consider issues on which the trial court has not ruled).

For each of the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/01/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*