# Court of Appeals
# of the State of Georgia

ATLANTA,  October 28, 2020

*The Court of Appeals hereby passes the following order:*

**A20A2095. FREDDY LESTER RICHARDS v. THE STATE.**

In Case No. 16-CR-0268, Freddy Lester Richards pled guilty to possession of a firearm by a convicted felon, and on August 29, 2016, he was sentenced to five years, with the first six months to be served in confinement and the remainder on probation. In Case No. 18-CR-1280, Richards pled guilty to violating the Georgia Controlled Substances Act, and on January 15, 2019, he was sentenced to three years, with the first year to be served in confinement and the remainder on probation; he was also ordered to pay a $1,500 fine. In December 2019, the trial court revoked Richards's probation in both cases.

On February 7, 2020, Richards filed a pro se "motion to reduce/modify sentence" in both cases, appearing to argue that (i) in revoking his probation, the trial court erred, particularly in the manner in which it gave him credit for time served, and (ii) the end date for both of his sentences was incorrect, based on an error in giving him credit for time served. The trial court denied the motion in both cases, and Richards filed this direct appeal of that denial. However, we lack jurisdiction for two reasons.

First, to the extent Richards is challenging the revocation of his probation, he was required to file an application for discretionary appeal. "In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Where the underlying subject matter of an appeal is the revocation of probation, an application for discretionary appeal is required. See OCGA § 5-6-35 (a) (5), (b); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).

Second, to the extent Richards is challenging his original sentences, he is not entitled to a direct appeal. A trial court has limited authority to modify a sentence after it is imposed. Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires — as it had here in both of Richards's cases when he filed his motion to reduce/modify sentence — a sentencing court may modify a sentence only if it is void, that is, if it exceeds the statutory maximum. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Richards's claim, that the end date for his sentences is incorrect based on an error in giving him credit for time served, is not a colorable void-sentence claim because it does not involve a claim that his sentences exceeded the statutory maximum for his convictions.[1] Because Richards has not raised a colorable void-sentence claim, he is not entitled to challenge his original sentences via direct appeal.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   10/28/2020*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*

---

[1] Where a defendant is aggrieved by the calculation of credit for time served on his legitimate sentence, he must seek relief from the Department of Corrections. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). Dissatisfaction with that relief may be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections, or in a petition for habeas corpus. See id.; *Maldonado v. State*, 260 Ga. App. 580, 580-581 (580 SE2d 330) (2003).