# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1159. FELICIA ANN MERCER v. THE STATE.

In 2010, Felicia Ann Mercer was convicted of two counts of burglary, for which she was sentenced to 20 years with the first 4 years to serve in confinement and the remainder on probation. Her convictions were affirmed on appeal. See *Mercer v. State*, Case No. A13A0599 (decided June 28, 2013). On January 5, 2017, the trial court revoked 5 years of Mercer's probation. In December 2020, Mercer filed a pro se "Emergency Motion for Out of Time Discretionary Appeal of January 5, 2017 Order Revoking Probation or Alternatively Motion to Vacate Void Sentence and Terminate Probation." The trial court denied the motion, and Mercer filed this direct appeal. We, however, lack jurisdiction.

First, to the extent Mercer is challenging the revocation of her probation, she was required to file an application for discretionary appeal. "In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Where the underlying subject matter of an appeal is the revocation of probation, an application for discretionary appeal is required. See OCGA § 5-6-35 (a) (5), (b); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).

Second, to the extent Mercer is challenging her sentence, she is not entitled to a direct appeal. A trial court has limited authority to modify a sentence after it is imposed. Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d

247) (2010). Once this statutory period expires, a sentencing court may modify a sentence only if it is void, that is, if it exceeds the statutory maximum. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Mercer has not asserted that her sentence exceeds the statutory maximum, and thus, she has not raised a colorable void-sentence claim. Because Mercer has not raised a colorable void-sentence claim, she is not entitled to challenge her sentence via direct appeal.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/06/2021          *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*