# Court of Appeals
# of the State of Georgia

ATLANTA, June 09, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0382. CHRISTOPHER JAMEL HAWKINS v. THE STATE.

Christopher Jamel Hawkins pled guilty to possession of cocaine with intent to distribute in June 2012, and the trial court sentenced him to ten years to be served on probation under the terms of the First Offender Act, OCGA § 42-8-60 et seq. In March 2020, the State petitioned to revoke Hawkins's probation based on his commission of new offenses and other violations of his probation. Following a hearing, the trial court concluded that Hawkins had violated the terms of his probation, revoked his first offender status, and re-sentenced him to 20 years on the original charge, giving him credit for time served. Hawkins filed this direct appeal, arguing that the trial court erred in considering "mere arrests and/or untried indictments" in re-sentencing him. We lack jurisdiction.

"In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Because the underlying subject matter of this appeal is the revocation of Hawkins's probation, he was required to file an application for discretionary appeal in order to obtain review of the sentencing order he seeks to challenge in this Court. See OCGA § 5-6-35 (a) (5), (b); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997) (the discretionary appeal procedure of OCGA § 5-6-35 (a) (5) is applicable to the revocation of "first offender" probation). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Hawkins's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal, which is

hereby DISMISSED. See *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __06/09/2021__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*