# Court of Appeals
# of the State of Georgia

ATLANTA,  December 16, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0662. WILLIE K. GANT v. THE STATE.**

Willie K. Gant pled guilty to possession of a controlled substance with intent to distribute, and he was sentenced as a first offender to ten years' probation. After Gant violated the terms of probation, his first offender status was revoked, and the trial court sentenced him to ten years with two to serve. Gant then filed a motion to modify or reduce his sentence. The trial court denied the motion on June 1, 2021, and Gant appealed this ruling on October 20, 2021.[1] We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the trial court judgment or order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Because Gant's notice of appeal was filed 141 days after the order he seeks to appeal, we lack jurisdiction.

Second, to the extent Gant sought modification of the sentence entered following the revocation of his first offender status, he was required to file a discretionary application. "In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Here, the underlying

---

[1] We note that Gant also filed a motion for out-of-time appeal, which the trial court denied in October 2021. Although his notice of appeal is timely as to this order, Gant specified in his notice of appeal that he was appealing the order denying his motion to modify or reduce his sentence. See OCGA § 5-6-37 (requiring a notice of appeal to set forth the order to be appealed).

subject matter – Gant's new sentence – flowed from the revocation of Gant's first offender probation. Gant was thus required to file a discretionary application in order to appeal. See OCGA § 5-6-35 (a) (5); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997) (the discretionary appeal procedure of OCGA § 5-6-35 (a) (5) is applicable to the revocation of "first offender" probation). His failure to do so deprives us of jurisdiction.

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   12/16/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*