# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1138. BARRY ALDEN CLARK v. THE STATE.

Barry Alden Clark pled guilty to aggravated stalking, and, on January 15, 2020, the trial court sentenced him to ten years, with the first five years suspended upon entry into RSAT-ITP,[1] and the remaining five years to be served on probation. On December 7, 2021, the trial court revoked the balance of Clark's probated sentence, ordering him to serve three years, eleven months, and twenty-two days. Clark filed a motion for new trial on February 10, 2022, which the trial court denied on February 15, 2022. On February 10, 2022, Clark also filed a notice of appeal from the probation revocation order. We lack jurisdiction.

Because the underlying subject matter of Clark's appeal is the revocation of his probation, he was required to file an application for discretionary appeal in order to obtain appellate review. See OCGA § 5-6-35 (a) (5); *Jones v. State*, 322 Ga. App. 269, 269 n. 2 (745 SE2d 1) (2013); *Zamora v. State*, 226 Ga. App. 105 (485 SE2d 214) (1997). His failure to do so deprives us of jurisdiction over this appeal.

Furthermore, Clark failed to file a timely notice of appeal. To be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997). Here, Clark filed his notice of appeal on February 10, 2022 – 65 days after entry of the trial court's order

---

[1] Although this acronym is not defined in the record, it appears to refer to a residential substance abuse treatment program.

revoking his probation. Although Clark filed a motion for new trial on February 10, 2022, it was also untimely because he filed it 65 days after the entry of the probation revocation order. A motion for new trial may extend the time in which appellate relief may be sought, but it must be filed within 30 days of the entry of judgment. OCGA § 5-5-40 (a). An untimely motion for new trial does not toll the time for filing a notice of appeal. See *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990).

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__04/06/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.