# Court of Appeals
# of the State of Georgia

ATLANTA,  July 08, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1616. DECARLOS BOBBY BUTLER v. THE STATE.**

De'Carlos Bobby Butler pled guilty to aggravated assault in January 2011. He received first offender treatment and was sentenced to 8 years, with the first 18 months to be served in confinement and the remainder to be served on probation. He was also ordered to pay restitution. In 2013, the State petitioned to revoke Butler's probation based on non-compliance with court directives, and the trial court ordered him to spend weekends in confinement over the next six months. In April 2014, the State again moved to revoke Butler's probation based on new offenses allegedly committed on two separate dates for family violence-battery, felony terroristic threats, misdemeanor obstruction of a law enforcement officer, and criminal trespass. The trial court revoked Butler's first-offender status and re-sentenced him to 20 years, with 8 years to be served in confinement and the remainder to be served on probation. Butler subsequently filed numerous pro se motions and habeas petitions in which he sought reconsideration and modification of his sentence, and the trial court on more than one occasion modified his sentence.

In February 2020, Butler was again arrested for a probation violation, and in March 2021, the trial court revoked his probation and ordered him to serve 12 months in confinement. In September 2021, Butler filed a pro se "Motion to Vacate, Terminate, Dismiss Current Sentence based on Double Jeopardy Sentence, Motion to Correct a Void and Illegal Sentence, and Motion for Sentence Modification," followed by an amended motion in December 2021. In this motion, as amended, Butler argued that on the various occasions when the trial court resentenced him in light of probation violations, the resentence it imposed was a void and illegal "double

jeopardy sentence." Butler contended that pursuant to his original 2011 sentence, his sentence ended on May 8, 2019. The trial court dismissed the amended motion on res judicata and jurisdictional grounds, concluding that it raised claims that had already been reviewed and decided at the appellate level. Butler then filed this direct appeal. We lack jurisdiction for at least two reasons.

First, because Butler's motion challenged sentences that were entered upon the revocation of his probation, he was required to follow the discretionary application procedures to obtain appellate review. "In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Because the underlying subject matter of this appeal is the revocation of Butler's probation, he was required to file an application for discretionary appeal in order to obtain appellate review of the trial court's order. See OCGA § 5-6-35 (a) (5), (b); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *Zamora v. State*, 226 Ga. App. 105, 105 (485 SE2d 214) (1997) (the discretionary appeal procedure of OCGA § 5-6-35 (a) (5) is applicable to the revocation of "first offender" probation). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Butler's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal. See *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).

Second, the trial court is correct that Butler's motion is barred by the doctrine of res judicata. In Case No. A21D0268, Butler sought discretionary review of the trial court's March 2021 order revoking his probation and ordering him to serve 12 months in confinement. He argued that the trial court was not authorized to increase his sentence based on the revocation of his probation or first-offender status. We denied Butler's application for discretionary appeal in that case. See Case No. A21D0268 (April 9, 2021). Our order denying Butler's discretionary application was a decision on the merits, and the doctrine of res judicata bars any subsequent appeals from the same order. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d

313) (2007).

For both of these reasons, we lack jurisdiction over Butler's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  07/08/2022

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*