# Court of Appeals
# of the State of Georgia

ATLANTA,  December 09, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0150. BLESSING N. JOHNSON v. UBER TECHNOLOGIES (GA) INC. et al.

Blessing N. Johnson filed an action against the defendants, Uber Technologies (GA), Inc. and Kendra Monique Clark, for negligent infliction of emotional distress and intentional infliction of emotional distress. The defendants filed a motion to dismiss Johnson's claims, which the trial court granted. Johnson appealed the dismissal, and this Court affirmed the trial court's order. See Case No. A21A1256 (decided Nov. 29, 2021). After remittitur to the trial court, Johnson filed a motion for reconsideration of the trial court's dismissal order. The trial court denied the motion on August 31, 2022, and Johnson filed her second direct appeal. We dismissed Johnson's appeal because the denial of a motion for reconsideration is not directly appealable. See Case No. A23A0558 (decided Nov. 16, 2022). On November 22, 2022, Johnson filed this application for discretionary appeal, seeking to challenge the August 31, 2022 order. The defendants have filed a motion to dismiss and request for the imposition of a $2,500 penalty against Johnson for a frivolous appeal pursuant to Court of Appeals Rule 7 (e) (2).

Pretermitting whether a discretionary application was proper under these circumstances, to be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Johnson filed this application 83 days after entry of the trial court's order denying her motion for

reconsideration. Accordingly, the application is untimely.

Moreover, "[i]t is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (punctuation omitted). See also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

This appeal is hereby DISMISSED. Further, the defendants' motion to dismiss is DISMISSED as moot and their request for a frivolous appeal penalty is DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* *12/09/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*